UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| IN RE: VIRIDIA, LLC, Debtor. | CASE NO. 2:15-BK-20181 CHAPTER 11 JUDGE FRANK W. VOLK |
|---|---|

**MEMORANDUM OPINION AND ORDER**

Pending is the Debtor-in-Possession's Motion to Extend Debtor's Time to File a Plan of Reorganization ("Motion to Extend") by Viridia, LLC ("Viridia") [Dckt. No. 141]. The Court **DENIES** the Motion to Extend.

**I.**

On April 2, 2015, Viridia filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Viridia filed its petition as a "small business debtor as defined in 11 U.S.C. § 101(51D)" [Dckt. No. 1].

To reduce the delay and cost of the Chapter 11 device, Congress established carve-outs for small business debtors. Thomas E. Carlson & Jennifer Frasier Hayes, *The Small Business Provisions of the 2005 Bankruptcy Amendments*, 79 Am. Bankr. L.J. 645, 648 (2005). Those mechanisms are meant to "provide an expedited, supervised procedure in which the rights of all parties in interest are protected throughout the reorganization process." *In re Burgos*, 510 B.R. 460, 462 (Bankr. D.P.R. May 12, 2014); *In re Sanchez*, 429 B.R. 393, 397 (Bankr. D.P.R. May 3, 2010). One benefit of filing as a small business debtor is an extended exclusivity period for filing a plan. The small business debtor -- and that debtor alone -- enjoys an absolute period of 180 days

after the date of the order for relief within which to file a plan, as opposed to the 120 day period provided to non-small business debtors. *Compare* 11 U.S.C. § 1121(e), *with* 11 U.S.C. § 1121(b).

That and other benefits, however, come at a price. There are attendant burdens borne by debtors, the United States Trustee, and the court alike to ensure streamlined and effective management. *See In re Sanchez*, 429 B.R. at 398. For example, the 180-day exclusivity period "may be extended only if" the three requirements of 11 U.S.C. § 1121(e) are satisfied. Included among those requirements is that "the order extending time is signed *before* the existing deadline has expired." 11 U.S.C. § 1121(e)(3)(C) (emphasis added).

On September 28, 2015, Viridia moved to extend the 180-day exclusivity period [Dckt. No. 82]. Viridia contended that "[a]s a small business, the Debtor currently has the exclusive right to file a plan of reorganization through and including September 29, 2015" [Dckt. No. 82, ¶ 5]. In that motion, Viridia explained that this was a particularly complex small business case based upon, *inter alia*, the allegations of misconduct and misfeasance by former officers and current creditors of Viridia [Dckt. No. 82, ¶¶ 11-13].

The Court set the motion for hearing on October 1, 2015. The hearing was held on October 28, 2015. After considering counsels' arguments, the Court entered an order on November 23, 2015, denying Viridia's motion [Dckt. No. 110]. The undersigned noted "that *no order was entered* extending the exclusivity period *before the expiration of 180 days* after the petition date in this case, and thus, the Debtor's motion must be denied pursuant to 11 U.S.C. § 1121(e)(3)" [Dckt. No. 110 (emphasis added)].

On January 26, 2016, Viridia once again moved to extend. It is that motion to extend that is presently under consideration. [Dckt. No. 141]. Viridia, similar to its September 28, 2015, motion to extend the exclusivity period, contended that, "[a]s a small business, the

Debtor currently has through and including January 27, 2016 to file its plan of reorganization" [Dckt. No. 141, ¶ 5]. Viridia also professed again that the matter was a particularly complex small business case. [Dckt. No. 82, ¶¶ 11-13].

On January 28, 2016, the Court set the matter for a hearing, which was held February 18, 2016. Creditors Richard T. Cole and Innovasource, LLC objected to the motion. The objection was joined by counsel for the United States Trustee. At that hearing, the Court ordered further briefing on the matter.

Viridia's supplemental memorandum asserted that a creditors' committee could still be appointed in the case. It additionally claimed that, after a recent review of its financials and the receipt of new proofs of claim, Viridia's "aggregate noncontingent liquidated secured and unsecured debts as of the Petition Date . . . exceed $2,490,925." Either event would result in the withdrawal of small business debtor status under 11 U.S.C. § 101(51D)). For those reasons, Viridia asserted that "it would be premature to impose § 1121(c)'s plan filing constraints" upon a debtor that may not meet the definition of a small business debtor [Dckt. No. 158, at 3].

The creditors' supplemental memorandum in opposition to the Motion to Extend noted, however, the section 101(51D) definition excludes debts owed to one or more affiliates or insiders. The creditors' memorandum went on to describe how Viridia's newfound debts are owed to those formerly listed as "equity security holders, not creditors," who qualify as insiders or affiliates [Dckt. No. 160, at 4]. Viridia's supplemental reply critiques the arguments as "desperate attempts to derail the Debtor's chapter 11 proceeding" and noted for the Court that "determination of insider status is a question of fact, and the Debtor has not been afforded an evidentiary hearing on [the] issue" of insider status [Dckt. No. 162, at 2-3].

A hearing for a different matter in the case was held on March 30, 2016. Viridia, the creditors, and the United States Trustee proposed to continue that matter until resolution of the section 1121(e)(3) issue. At the March 30, 2016, hearing, the Court specifically inquired if the parties intended to put on evidence in the section 1121(e)(3) matter [Dckt. No. 166, at 1:25]. Viridia's counsel stated that Viridia had no plan to submit evidence and would rely on what had been submitted in its briefs [Dckt. No. 166, at 2:04].

Inasmuch as the parties have fully briefed their respective positions respecting the requested extension, the matter is ready for adjudication.

## II.

As noted, "In a small business case . . . the plan and disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief . . . ." 11 U.S.C. § 1121(e)(2). "The words 'order for relief' refer to the commencement of a voluntary petition for bankruptcy." *In re Martinson*, 731 F.2d 543, 544 n.3 (8th Cir. 1984).

Viridia filed its Chapter 11 petition on April 2, 2015, giving Viridia through January 27, 2016 -- the 300th day after April 2, 2015 -- to file its plan of reorganization. That 300-day time period "may be extended *only if*—

> (A) the debtor, after providing notice to parties in interest (including the United States Trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
>
> (B) a new deadline is imposed at the time the extension is granted; and
>
> (C) the order extending time is *signed before the existing deadline has expired*."

11 U.S.C. § 1121(e)(3) (emphasis added).

Congress could not have been clearer. That clarity has unsurprisingly resulted in many courts simply applying the statute as written. *See, e.g.,* In *re Caring Heart Home Health Corp., Inc.*, 380 B.R. 908, 910-11 (Bankr. S.D. Fla. 2008) ("[T]he language of the third requirement in section 1121(e)(3) is abundantly clear and must be read as 'conclusive'—if no signed order exists prior to the expiration of the . . . deadline, then no extension can be granted."); *see also In re Castle Horizon Real Estate*, LLC, No. 09–05992–8–JRL, 2010 WL 3636160, at *2 (Bankr. E.D.N.C. Sept. 10, 2010) ("if no party files a plan within 300 days, then no relief is available"); *In re Burgos*, 510 B.R. 460, 462 (Bankr. D.P.R. 2014) ("The statutorily prescribed term is effectively a 'drop dead' period that is calculated from the date of order for relief."); *In re Sanchez*, 429 B.R. 393, 400 (Bankr. D.P.R. 2010) (stating that failure to file a plan within the section 1121(e)(2) deadline is cause for dismissal); *In re Sutherland*, No. 10–17768–MER, 2011 WL 2078529, at *1–2 (Bankr. D. Colo. 2011) (stating that failure to file a plan within the 300–day deadline is grounds for dismissal); *In re Randi's, Inc.*, 474 B.R. 783, 786 (Bankr. S.D. Ga. 2012) ("cause exists to dismiss or convert the case for the failure of any party to file a plan within the 300–day period or to timely obtain an extension"). As one judicial officer put it, "Congress could have delineated tolling events for that 300-day period. However, the fact that no such language was included allows this Court to conclude none were intended." *In re Burgos*, 510 B.R. at 462.

The Motion to Extend was filed the day before the 300-day deadline imposed by section 1121(e)(2). Inasmuch as a hearing was necessary, no order *could have been* signed before that deadline expired. In any event, no order *was* signed before the existing deadline expired. Accordingly, pursuant to section 1121(e)(3), the deadline cannot be extended past the 300-day limit imposed by section 1121(e)(2).[1]

---

[1] This is the same result Viridia received after it filed its motion to extend the exclusivity period the day before the section 1121(e)(1) deadline expired. This Court's November 3, 2015, Order explicitly found "that *no*

Case 2:15-bk-20181 Doc 172 Filed 05/20/16 Entered 05/20/16 16:36:57 Desc Main
Document Page 6 of 7

Viridia offers several contentions designed to avoid the statutory bar. For example, it asserts that its designation as a small business debtor may be improper and that it should not be held to the small business debtor deadlines. Federal Rule of Bankruptcy Procedure 1020(b) authorizes parties in interest to object to a debtor's self-identification as a small business debtor at any point within 30 days after the conclusion of the 341 meeting of creditors. *See* Fed. R. Bankr. P. 1020(b). Once a debtor has elected to be treated as a small business debtor, however, regardless of whether that election was in error, the debtor is treated as such "unless and until" the court finds otherwise. *See* Fed. R. Bankr. P. 1020(a); *In re Dal-Jones Investments, LLC*, No. 11-05971-8-SWH, 2012 WL 2745468, *2 (Bankr. E.D. N.C. July 9, 2012). Further, in order for a motion to change the designation to be considered, it must be shown that the debtor has complied with section 1121(e) up to the point of seeking rescission. *See Id.*; *In re Win Trucking Inc.*, 236 B.R.774, 778–82 (Bankr. D. Utah 1999).

The usual case where a court finds the small business designation to be improper, which then warrants a change of designation, is where a debtor's primary business is "owning or operating real property," a business activity excluded from the small business designation. *See, e.g., In re Swartville, LLC*, 483 B.R. 453, 460 (Bankr. E.D.N.C. 2012) (finding that the debtor did not meet the qualifications for being a small business debtor under 11 U.S.C. § 101(51D) because its primary business was developing real property, and as such, allowed the debtor to amend its petition to change that designation). In some cases, a change in designation is allowed where that change was not an abuse of the system, no creditor objected to the change, and the change was made within the parameters of the applicable deadlines. *See In re Dal-Jones Investments, LLC,*

_____

*order was entered* extending the exclusivity period *before the expiration of 180 days* after the petition date in this case, and thus, the Debtor's motion must be denied pursuant to 11 U.S.C. § 1121(e)(3)" [Dckt. No. 110 (emphasis added)].

No. 11-05971-8-SWH, 2012 WL 2745468, at *3 (Bankr. E.D.N.C. July 9, 2012). In any event, sufficient evidence must exist for the court to consider whether the designation is appropriate. *See In re Roots Rents, Inc.*, 420 B.R. 28, 41-42 (Bankr. D. Idaho Oct. 29, 2009) (the debtor failed to prove that its qualifying debt was over the aggregate debt cap for small business debtors as of the petition date, as required to operate as a non-small business debtor).

Viridia notified the Court at the March 30, 2016, hearing that it did not intend to submit any further evidence. On that basis, the Court finds that Viridia has not carried its burden to prove that its debts on the date of the order for relief surpassed the maximum debt a "small business debtor" may carry. Thus, to the extent Viridia might properly be heard to complain of an improper designation at this late date,[2] it has defaulted on its burden and so remains a small business debtor bound by the provisions of 11 U.S.C. § 1121(e).

### III.

Based upon the foregoing discussion, it is, accordingly, **ORDERED** that Viridia's Motion to Extend Debtor's Time to File a Plan of Reorganization is **DENIED**.

The Clerk shall transmit a copy of this written opinion and order to the parties and their counsel, if any, and the United States Trustee.

DATED: May 20, 2016



Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

---

[2] "Sometimes the fast pace of a small business case causes problems, leading a debtor to argue that it is not a small business debtor despite contrary facts. These efforts are not well received, as a debtor is generally judicially estopped from changing its small business status." Gregory R. Schaaf, *Small Business Cases Develop Some Teeth*, Am. Bankr. Inst. J., December/January 2011, at 46, 46.